UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

NETWORK USA, LLC and                    CIVIL ACTION NO. 12-CV-1004
SUN AMERICA COMMUNICATIONS, LLC

VERSUS                                   JUDGE HAIK

A SQUARED CAPITAL PARTNERS and   MAGISTRATE JUDGE HANNA
ADAM R. LONG

**JURISDICTIONAL BRIEFING ORDER**

This matter was removed from state court based on the removing defendant's allegation that this Court has original jurisdiction over this matter under 28 U.S.C. §1332, *i.e.* diversity jurisdiction. Specifically, the defendants asserted that the proper parties to the action are completely diverse, and the amount in controversy exceeds the sum of $75,000.00. [Rec. Doc. 1]

In the original Petition for Declaratory Judgment, filed in the 15th Judicial District Court, Lafayette Parish, Louisiana, Plaintiffs are identified to be Network USA, LLC and Sun America Communications, LLC, both Louisiana limited liability companies with principal offices in Lafayette Parish. [Rec. Doc. 1-1] The defendants are identified to be A Squared Capital Partners, and Adam R. Long, both having the same principal business address in Florida.

Since removal to this Court in April, 2012, certain inadequacies and inaccuracies in the declarations regarding party identification and citizenship of the

parties have become more apparent. The Corporate Disclosure Statement for Network USA, LLC identifies three 'parent' corporations, including a Delaware Corporation [Rec. Doc. 7] The Corporate Disclosure Statement of Sun America Communications, LLC identified Network USA, LLC and Gulf Management, LLC (a Delaware LLC) as "parent corporations." [Doc. 8] The Corporate Disclosure Statement for defendant A Squared Capital Partners states that "Asquared Capital Partners Corp." is the proper name for the defendant and that it is partially owned by Nations Advisory Partners. [Rec. Doc. 6]

In the Answer filed by the removing defendants, "Asquared Capital Partners Corp. d/b/a A Squared Capital Partners" was named as the responding party defendant. [Rec. Doc. 12] In the same document it was asserted that, contrary to the representations in the Petition, Defendant Adam Long's proper business address is in Los Angeles, California. [Rec. Doc. 12, para. 1] In a Counter Claim and Third Party Claim included in the same pleading, A Squared identified itself to be "a Delaware corporation with principal place of business in Fort Meyers, Florida." [Rec. Doc. 12, para. 9] In the same paragraph, Adam Long was identified to be domiciled in Los Angeles, California. Three individuals were identified as third party defendants in the same pleading. James Davis, Edmund Antie and Charles Chatelain are identified as residents of Lafayette Parish, Louisiana. They are described to be

"general partners in NUSA." [Rec. Doc. 12, para. 11] An Intervention was more recently filed by attorney Edward Gothard[1] and the law firm of Nowalsky & Gothard, a Professional Limited Liability Company. [Rec. Doc. 79] In that pleading, Defendant Asquared Capital Partners Corp. d/b/a A Squared Capital Partners is identified to be a Delaware corporation.

The undersigned has reviewed all of the pleadings to determine whether the requirements for diversity jurisdiction have been satisfied, and based on the above-referenced representations in the pleadings, diversity of citizenship of the parties, at the time of removal, is not clearly established. In the court's effort to make a proper jurisdictional determination, the parties were instructed to submit for the court's review additional details of the "citizenship" of all members of each of the limited liability company parties to this litigation for further analysis per the requirements of *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). [Rec. Doc. 81]

In compliance with the court's Order, Plaintiffs have submitted details of the LLC citizenship of the "Network Parties," and declared that **Network USA, LLC**

---

[1] Mr. Gothard and the firm of Nowalski and Gothard were allowed to withdraw as counsel for Defendants on June 25, 2013. [Doc. 52]

included the following members as of the date of removal: Delta Media Corporation[2], a Delaware corporation with a principal place of business in Louisiana; Central Telephone Corporation, a Louisiana corporation with a principal place of business in Louisiana; James Davis, a Texas resident, and La Parisienne Building, LLC, the members[3] of which were Delta Media Corporation (Delaware corporation/Louisiana PPB) and Paul J. Azar, Jr., a Louisiana domiciliary. [Doc. 83]

Plaintiff **Sun America Communications, LLC**, a Louisiana LLC, had two members at the time of removal: Network USA, LLC and Gulf Management, LLC of Delaware. [Doc. 83]

Also in compliance with the court's Order, the removing defendants **A Squared Capital Partners Corp. and Adam R. Long** have submitted a Corporate Disclosure Statement [Doc. 82], which states that Defendant Adam R. Long is domiciled in the State of Nevada, and A Squared Capital Partners Corp. is a corporation domiciled in the State of Delaware with a principal place of business in

---

[2]Under provisions of §1332(c)(1), a corporation is deemed to be a citizen of any state in which it is incorporated, and of the state in which it has its principal place of business.

[3]Subsequent to removal, additional members have been added, per Plaintiffs, including Myoptics Communications, LLC, a Texas LLC with James Davis as its sole owner/member, and Gulf Management LLC of Delaware, with all of its individual members domiciled in Louisiana and its principal place of business in Louisiana.

California. From the submission, it is unclear whether these statements were accurate or complete as of the date of removal.

## Legal Analysis and Discussion

Removal permits a defendant to move a case from state court to a federal district court in a process controlled by federal law. 28 USC §1441 identifies most of the kinds of lawsuits which may be removed, including diversity suits, most federal question suits, and suits against foreign states. "The propriety of removal...depends on whether the case originally could have been filed in federal court." *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 163, 118 S.Ct. 523, 529, 139 L.Ed.2d 525(1997). A party seeking removal must meet the burden of establishing that the jurisdictional requirements for removal are met, faced with the strong presumption against removal required by the narrow construction of the statutory provisions. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723(5th Cir. 2002). In removed cases, the presence or absence of federal subject matter jurisdiction is evaluated at the time a petition for removal is filed. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73, 117 S.Ct. 467, 136 L.Ed.2d 437(1996). Once a defendant files an appropriate and timely notice of removal with the federal court, the removal occurs automatically. The federal district court may then make determinations as to the propriety and sustainability of the removal.

***Subject Matter Jurisdiction:***

In *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435(1806), the Supreme Court established the rule of complete diversity for cases arising under 28 U.S.C. §1332. See *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353(5th Cir. 2004). Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Id.* (Citing *Harrison v. Prather*, 404 F.2d 267, 272(5th Cir. 1968)). Under § 1332(c)(1) a corporation is deemed to be a citizen of any state in which it is incorporated, and of the state in which it has its principal place of business. For purposes of diversity, the citizenship of a limited liability company or a partnership is determined by considering the citizenship of all its members or partners. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The state where a limited liability company or limited partnership is organized and where it has its principal place of business does not determine its citizenship for the purpose of § 1332. Thus, to properly allege the citizenship of a limited liability company or limited partnership, the party asserting jurisdiction must identify each of the entity's members or partners and the citizenship of each one in accordance with the requirements of § 1332 (a) and (c). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity,

and the citizenship must be traced through however many layers of members or partners there may be. *Feaster v. Grey Wolf Drilling Co.*, 2007 WL 3146363 (W.D.La.2007). The court has explained the need for such detail in cases such as *Burford v. State Line Gathering System, LLC*, 2009 WL 2487988 (W.D.La.2009). See also *Starr v. Thomas,* 2012 WL 6183593 (W.D.La.,2012).

As is set out in detail above, the parties in this litigation include limited liability corporations. Therefore, the diversity analysis for a limited liability company requires a determination of the citizenship of *every* member of the company. If any one of the members is not diverse, then the limited liability company is not diverse. In applying the *Harvey v. Grey Wolf* requirements to the facts of the instant case, it is the determination of the undersigned, based on the content of the pleadings and the court-ordered submissions of the parties, that at the time of removal, Plaintiff Network USA, LLC was likely a citizen of Delaware, Louisiana and Texas. That information, however, was not included in the original Petition filed in Louisiana state court. Plaintiff Sun America Communications, LLC was also likely a citizen of Delaware, Louisiana, and Texas, but that information does not appear in the original Petition. The court also notes that the removal documents filed by Defendants A Squared Capital Partners and Adam R. Long referenced the citizenship of the defendants only by citing the state court petition to state that the principal business

address for both A Squared and Long was in Fort Myers, Florida. [Doc. 1, para. 5] Subsequent filings, including Defendants' Answer, Counterclaim and Third Party Claim, filed three months after removal, declare that A Squared Capital Partners Corp. d/b/a A Squared Capital Partners ("A Squared" ) "is a Delaware corporation with principal place of business in Fort Meyers, Florida. [Doc. 12, para. 9] It would appear, then, that at the time of removal, Defendant A Squared Capital Partners Corp. was a citizen of Delaware and Florida.  The citizenship of Defendant Adam R. Long at the time of removal was either Florida or California or Nevada. That remains unclear.

If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). Whether this court has jurisdiction over this action is a threshold matter that cannot be resolved on the face of the pleadings and submissions filed to date.  While the facts developed and described above may not have been known to the parties at the time of removal, or even for some time after removal, and while the complete citizenship picture of all of the parties at the time of removal remains unclear, it now seems likely that there were both plaintiffs and defendants with citizenship in the same state(s) at the time of removal, which would make removal improper for lack of diversity subject matter jurisdiction.   Therefore,

IT IS ORDERED that the trial of the captioned matter, previously set for November 12, 2013 is CONTINUED;

IT IS FURTHER ORDERED that the removing defendants, as the party whose burden it is to establish jurisdiction at the time of removal, shall submit, not later than twenty-one days after the date of this order, sufficient facts addressing the citizenship of the parties at the time of removal, supporting all relevant facts with summary-judgment-type evidence and appropriate legal analysis to support removal and jurisdiction in this court.  Plaintiffs will have seven days thereafter to respond.

Signed at Lafayette, Louisiana this 8th day of November, 2013.

_____
Patrick J. Hanna
United States Magistrate Judge